# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| THOMASTON ACQUISITION, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:16-CV-502 (CAR) |
| PIEDMONT CONSTRUCTION GROUP, INC., | : | |
| | : | |
| Defendant and Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRIAD MECHANICAL COMPANY, INC., and ALAN FRANK ROOFING CO., INC., | : | |
| | : | |
| Third Party Defendants. | : | |

## ORDER ON THIRD PARTY DEFENDANT TRIAD MECHANICAL COMPANY, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Before the Court is Third Party Defendant Triad Mechanical Company, Inc.'s Motion to Set Aside Entry of Default. On March 17, 2017, Defendant and Third Party Plaintiff Piedmont Construction Group, Inc. moved for the Clerk of Court to enter default as to Triad, and on March 20, 2017, he did so. Triad now files this instant Motion requesting that the Court set aside the Entry of Default pursuant to Federal Rule of Civil Procedure 55. Defendant and Third Party Plaintiff Piedmont Construction

1

Group, Inc. does not oppose this Motion. For the following reasons, the Motion [Doc. 24] is **GRANTED**.

## BACKGROUND

On November 18, 2016, Plaintiff Thomaston Acquisition, LLC ("Thomaston") filed breach of contract and negligent construction claims against Defendant Piedmont Construction Group, Inc. ("Piedmont"), seeking to recover for alleged construction defects. On December 23, 2016, Piedmont filed its Answer. On January 5, 2017, Piedmont filed a Third Party Complaint against Triad Mechanical Company, Inc. ("Triad") and Alan Frank Roofing Co., Inc. ("Alan Roofing"), alleging it is entitled to recover from both Triad and Alan Roofing any damages awarded to Thomaston.

On January 6, 2017, Triad was served. Thereafter, Triad forwarded copies of the lawsuit to its insurers, Utica Insurance Company ("Utica") and Cincinnati Insurance Company ("Cincinnati"). On January 17, 2017, Piedmont also sent a letter to Utica providing them with notice of a potential claim against Triad and seeking information regarding certain policy limits. On January 24, 2017, Cincinnati contacted Triad and requested a signature on a non-waiver agreement before it could move forward with the claim. The non-waiver agreement was delivered and signed on February 10, 2017.

However, neither Triad nor its insurers filed an answer to the Third Party Complaint. Thus, Piedmont moved the Court for an Entry of Default on March 17,

2017. On March 20, 2017, the Court entered Default as to Triad and provided Piedmont twenty-one days to file a motion for default judgment.

On March 29, 2017, Triad filed this Motion to Set Aside Default. Triad contends it failed to respond to the Third Party Complaint because it assumed one or both of its insurers were investigating and handling the claims, as both received notice of the lawsuit and were in contact with Triad regarding the action. Triad now argues default should be set aside on the basis of excusable neglect and because good cause exists for Triad's failure to reply. Piedmont does not oppose the Motion.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(a), when a defendant has failed to plead or otherwise defend an action, the clerk shall enter a default judgment against the defendant. Once default is entered, however, it can be set aside upon a showing of good cause.[1] It is within the discretion of the district court to decide whether to set aside an entry of default.[2] In general, "defaults are seen with disfavor because of the strong policy of determining cases on their merits."[3]

The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment.[4] The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula,

---

[1] FED. R. CIV. P. 55(c).
[2] *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).
[3] *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (per curiam).
[4] *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

3

although some general guidelines are commonly applied.[5] Several factors are often considered when determining whether good cause exists, such as (1) whether the default was culpable or willful; (2) whether the party in default has a meritorious defense to the plaintiff's claims; (3) whether the party in default acted promptly upon learning of the default; and (4) whether the non-defaulting parties would suffer any possible prejudice by setting aside default.[6] However, other factors may also be considered. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default."[7]

## DISCUSSION

After reviewing the parties' briefs, the Court finds good cause exists to set aside the entry of default.[8] First, there is no indication that Triad's failure to file a timely answer was willful. Triad contacted both of its insurers, Cincinnati and Utica, and received assurances they were investigating the claims. Triad's failure to follow up

---

[5] *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (finding the good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation).

[6] *Id.*

[7] *Id.*

[8] Triad argues the entry of default should be set aside on the basis of both excusable neglect and for good cause. However, because no judgment is entered in this case, the Court must analyze Triad's request to set aside the entry of default under the "good cause" standard of Rule 55. The excusable neglect standard is a more rigorous standard under Rule 60(b) and applies once a final judgment is entered in a case. *See Mike Smith Pontiac GMC, Inc.*, 896 F.2d at 528; *Cobb v. Dawson Jr.*, No. 5:06-cv-066(HL), 2007 WL 3027399, at *3-4 (M.D. Ga. Oct. 15, 2007).

4

with the insurers or confirm an answer was at most negligence, but it was not a willful or reckless disregard of the process.

Second, in its Proposed Answer, Triad offers nineteen defenses to Piedmont's Third Party Complaint. Specifically, Triad contends it completed its work in accord with the design specifications provided by Thomaston's predecessor and any alleged damage to Thomaston's property was caused by defective specifications, not Triad's performance. Thus, Triad argues it is not required to indemnify Piedmont. Triad also maintains Thomaston's claims are barred by the acceptance doctrine and any alleged damages occurred after control of the property had been turned over. Based on its Proposed Answer, Triad has meritorious defenses to the claims against it.

Lastly, Triad acted promptly in filing its Motion to Set Aside Default on March 29, 2017, only nine days after the Court's entry of default. Piedmont does not oppose the Motion, and as this matter is in the early stages of discovery, it does not appear setting aside the default will result in prejudice to any of the non-defaulting parties. Accordingly, the Court finds Defendant has shown good cause to set aside the entry of default.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Set Aside Entry of Default [Doc. 24] is **GRANTED**. The Clerk of Court is directed to **VACATE** the entry of default

[Docket entry March 20, 2017]. The Court **DIRECTS** Triad to file its Answer to Piedmont's Third Party Complaint within seven (7) days from the date of this Order.

**SO ORDERED,** this 5th day of May, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT